**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TINA DEED R. GUY,
    Appellant,

   v.

OFFICE OF PERSONNEL
 MANAGEMENT,
    Agency.

DOCKET NUMBER
SF-0831-15-0650-I-1

DATE: June 24, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Tina Deed R. Guy, Sacramento, California, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) to deny her request for lump-sum death benefits based on the Federal service of her deceased spouse. Generally, we grant petitions such as this one only when: the initial

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant seeks lump-sum death benefits based on the Federal service of her deceased spouse.  After she received an unfavorable decision from OPM, she filed this appeal, and the administrative judge affirmed OPM's decision.  The appellant now petitions for review of the administrative judge's initial decision.

¶3      By statute, lump-sum death benefits payable under Civil Service Retirement System are to be paid first to the beneficiary designated by the employee in a signed and witnessed writing received by OPM before the employee's death.  5 U.S.C. § 8342(c); *Hatch v. Office of Personnel Management*, 101 M.S.P.R. 300, ¶ 9 (2006).  The appellant was married to the decedent at the time of his death, but the decedent had designated his daughter as the beneficiary of any lump-sum death benefits.  Initial Appeal File (IAF), Tab 9 at 9.  There is no evidence that the decedent revoked that designation or that the designation was somehow invalid.  *See Hatch*, 101 M.S.P.R. 300, ¶ 9.  Therefore, OPM must pay the lump-sum death benefits to the daughter and not to the appellant.  *See McDaniel v. Office of Personnel Management*, 123 M.S.P.R. 55, ¶ 7 (2015)

(finding that, under 5 U.S.C. § 8342(c), designated beneficiaries come first in the order of precedence for receipt of a lump sum).

¶4     The appellant claims that the administrative judge caused her to expend funds pursuing her appeal and led her to believe that she was entitled to the lump-sum death benefits she sought. Petition for Review File, Tab 1. The appellant has proffered no legal basis to reimburse her for the cost of pursuing her appeal, and we are aware of none. Moreover, even if the administrative judge or OPM informed the appellant that she would be paid the lump-sum death benefits at issue in this appeal, the Government cannot be estopped from denying benefits not otherwise permitted by law even if the claimant was denied monetary benefits because of his or her reliance on the mistaken advice of a Government official. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.